KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

BUTLER SNOW LLP
Jin Yoshikawa *(pro hac vice)*
150 3rd Avenue South, Suite 1600
Nashville, Tennessee 37201
Telephone: (615) 651-6751
Facsimile: (615) 651-6701
Email: jin.yoshikawa@butlersnow.com

Attorneys for Defendants Johnson & Johnson and Ethicon, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NORMA JEAN PARTIE,<br><br>Plaintiff,<br><br>vs.<br><br>ETHICON, INC., ETHICON WOMEN'S HEALTH AND UROLOGY, A Division of Ethicon, Inc., GYNECARE, JOHNSON & JOHNSON, AND DOES 1-20,<br><br>Defendants. | Case No. 2:21-cv-01366-JCM-BNW<br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), Plaintiff Norma Jean Partie and Defendants Johnson & Johnson and Ethicon, Inc. ("Ethicon") submit the following Stipulated Discovery Plan and Proposed Scheduling Order:

## I. MEETING

The parties' counsel met telephonically for a Fed. R. Civ. P. 26(f) conference on January 6, 2022.

## II. INITIAL DISCLOSURES

The parties will make Fed. R. Civ. P. 26(a)(1) initial disclosures on or by February 11, 2022.

## III. AUTHORIZATIONS TO BE PROVIDED

By February 11, 2022, Plaintiff shall provide fully executed HIPAA-compliant authorizations to Defendants to allow Defendants to obtain medical records from third parties and authorizations permitting Defendants to obtain any employment records, workers' compensation records, and/or tax records, if necessary. These authorizations shall be on forms supplied by Defendants. If any records custodian requests a different form of authorization, plaintiff shall provide a fully executed version of such authorization within 14 days after request.

## IV. ADOPTION OF ORDERS FROM MDL PROCEEDING

The parties request the Court adopt four orders that were entered in *MDL 2327 In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, a multidistrict litigation proceeding that was previously pending in the United States District Court for Southern District of West Virginia before the Honorable Joseph R. Goodwin for cases that, like this one, include medical device product liability claims for medical devices manufactured by Ethicon to treat pelvic organ prolapse and stress urinary incontinence.

Those four orders are:

1. PTO 11 – Stipulated Protective Order;

2. PTO 13 – Stipulation for the Production of Documents and Electronically Stored Information;

3. PTO 121 – Order Requiring Preservation of Explanted Mesh; and

4. PTO 190 – Agreed Order and Stipulation Regarding Pathology Protocol for Preservation and Testing of Explants and Tissue Samples Taken from Plaintiffs.

The parties will submit each of these orders to the Court in separate filings to be adopted in this case.

## V. DISCOVERY PLAN

Until June 21, 2018, cases such as this one would have been transferred to the Ethicon MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation*, for coordinated proceedings. Now that the Ethicon MDL is no longer accepting cases for transfer, the parties seek to strike a balance in managing cases that both avoids duplication and is consistent with the standards and requirements of individual jurisdictions. Additionally, on July 17, 2019, the MDL Court issued an Order Regarding Discovery in Non-MDL Federal Court Cases, attached hereto as Exhibit A, governing access to discovery conducted in the MDL in individual federal court actions such as this one.

Extensive discovery relevant to Ethicon's pelvic mesh products, including, but not limited to the device at issue here, was conducted in the MDL, which will be made available to Plaintiff upon entry of an appropriate protective order and compliance with MDL Court orders governing use thereof. Such discovery included document production, company witness depositions, and expert discovery pertaining to the types of claims being made by Plaintiff.

In light of the bellwether trials and other trials in the Ethicon MDL, and the substantial discovery conducted to date on Ethicon's products, the parties will not engage in duplicative general expert discovery. The parties will utilize the depositions of general causation experts taken in the Ethicon MDL or related state court proceedings to the extent possible, as well as the depositions of employees or former employees of Ethicon and Johnson & Johnson taken in connection with the Ethicon MDL or related state court proceedings.

Accordingly, the parties jointly propose the following discovery plan in this case:

**A.    Discovery Cut-Off Date**

The parties propose that the discovery period run until January 20, 2023, which is approximately just over one year from the date of the Fed. R. Civ. P. 26(f) conference. This exceeds the 180-day presumptive outside limit provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section VI below.

**B.    Fed. R. Civ. P. 26(a) Disclosures (Experts)**

The parties propose that Fed. R. Civ. P. 26(a)(2) disclosures of experts and expert reports proceed, as it is permitted to proceed on order of the Court by LR 26-1(b)(3), as follows:

1. Plaintiff shall disclose experts and expert reports by October 21, 2022;

2. Defendants shall disclose experts and expert reports by November 21, 2022;

        3.      All parties shall disclose rebuttal experts and their reports by December 21, 2022; and

**C.    Amending the Pleadings and Adding Parties.**

The parties shall file any motions to amend the pleadings or to add parties no later than October 22, 2022.

**D.    Dispositive Motions.**

The parties shall have until February 19, 2023 to file dispositive motions.

**E.    Pretrial Disclosures/Order.**

The pretrial disclosures and order shall be filed no later than March 21, 2023 unless a dipositive motion is filed.

## VI.    JUSTIFICATION FOR LONGER DISCOVERY PERIOD

Notwithstanding the agreement to rely on discovery conducted previously in the MDL and related state court actions, the parties believe the Court should permit a longer period for discovery than provided in LR 26-1(b)(1) due to the nature of this case and extensive case-specific discovery necessitated by the severe medical issues and surgeries involved. The parties anticipate that extensive medical and scientific discovery will be needed because this action involves complex claims of product liability involving medical devices manufactured by Ethicon to treat pelvic organ prolapse and stress urinary incontinence.

Plaintiff has alleged catastrophic injuries requiring one mesh implant surgery and two revision surgeries to treat grade 3 cystocele, grade 1 rectocele, and grade 1-2 vaginal vault prolapse. The first surgery was in 2011 and the revision surgeries were in 2017. Discovery will require gathering volumes medical records

1  concerning plaintiff's medical condition as well as her alleged damages over a significant period of time. This may potentially involve extremely large document productions, depositions of many medical providers, and, to the extent not addressed previously, further depositions of experts in many different disciplines (e.g., medical, design, damages).

Furthermore, collection of medical records frequently leads to the identification of additional relevant medical providers whose records must be obtained in subsequent requests. Each request, from sending the subpoena to actually receiving the records, is likely to take 30 days or more. Defendants will thus need sufficient time to obtain, review, and analyze these records, and to take the depositions of several witnesses, including plaintiff, her medical care providers, and ultimately, plaintiff's expert witnesses, of which there may be several. Plaintiff also anticipates the necessity of conducting discovery as to the product at issue in the case, which will likely include document productions and depositions of witnesses, including experts.

The parties submit that their proposed discovery plan is an efficient and realistic schedule for completing the significant amount of discovery contemplated in this case based on their experience in hundreds of other similar cases, including those in *MDL 2327*.

## VII. OTHER ISSUES

### A. Pending Motions.

A fully briefed motion to dismiss the First Amended Complaint (ECF No. 6) is currently pending. *See* ECF Nos. 9, 11, and 12.

**B.     Alternative Dispute Resolution.**

The parties have conferred about the possibility of using alternative dispute resolution processes.  The parties agree this issue is best addressed after some discovery has taken place.

**C.     Alternative Forms of Case Disposition.**

The parties have considered trial by magistrate judge and the use of the short trial program.  The parties do not consent to either at this time.

**D.     Electronic Evidence.**

The parties have considered the possibility of presenting evidence to the jury in electronic format and anticipate doing so.  In the event that any electronic evidence is submitted by either party, the parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

**E.     Court Conference**

The parties do not request a conference with the Court before entry of the scheduling order.

**ORDER**

IT IS ORDERED that ECF No. 18 is GRANTED.

IT IS FURTHER ORDERED that the parties familiarize themselves with the Local Rules regarding the process and rules for sealing in the District of Nevada.

IT IS FURTHER ORDERED that the hearing regarding ECF No. 18 set for 2/22/2022 is VACATED.

IT IS SO ORDERED

DATED: 7:18 pm, February 16, 2022



**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

3043615_1  17671.30